UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBIN LEONARD,

    Plaintiff,

v.                                        CASE NO. 8:18-cv-2961-T-02AAS

POLK COUNTY SHERIFF'S
DEPARTMENT,

    Defendant.
_____/

## **O R D E R**

        This cause comes before the Court on a Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 12), which was referred to United States Magistrate Judge Amanda Arnold Sansone. The magistrate judge considered the motion and issued a report recommending the motion be denied. Dkt. 13. Thereafter, Plaintiff timely filed objections and an amended affidavit in support of his pending motion to proceed *in forma pauperis*. Dkts. 14, 15.

        When ruling on a magistrate's report and recommendation, the Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). If objections are filed, as here, a *de novo* determination is required "of those portions of the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  Legal conclusions are reviewed *de novo*, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

After Plaintiff appealed this Court's prior denial of his request to proceed *in forma pauperis* and dismissal of his complaint (Dkt. 10), he filed the present motion.  The magistrate judge found that Plaintiff provides no explanation of how this Court erred in concluding his claims were time-barred.  Dkt. 13 at 2.  Plaintiff objects on the basis that his appeal is not frivolous.  Dkt. 14.

He argues that the prior ruling on *in pauperis* status, which finds his civil rights claims barred by the statute of limitations, necessarily constitutes evidence that his claims are valid.  The premise of the statute of limitations, however, is that it indeed bars potentially valid claims.  *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1434 (11th Cir. 1997) (reiterating that "statutes of limitations often bar perfectly valid claims, and indeed 'that is their very purpose'") (citation omitted); *Hunt v. Am. Bank & Trust Co. of Baton Rouge, La.*, 783 F.2d 1011 (11th Cir. 1986) (finding otherwise valid RICO claim barred by statute of limitations).  Thus, even if Plaintiff had stated valid legal claims, he cannot be heard on claims barred by the statute of limitations.  *See Serratt v. Riley*, No. 5:18-cv-959-CLS-HNJ,

2019 WL 2453265, at *3 (N.D. Ala. May 14, 2019), *adopted in* 2019 WL 2436088 (N.D. Ala. June 11, 2019) (finding that even if plaintiff had stated valid claim for denial of access to courts, claim would be barred by statute of limitations for claims asserted under § 1983); *U.S. v. Aggarwal*, No. 6:03-cv-117-Orl-31KRS, 2004 WL 5509107, at *6 (M.D. Fla. Nov. 8, 2004) (same for breach of contract claim).

For the reasons explained in the report and recommendation, and based on a *de novo* determination of the case, Judge Sansone's report and recommendation (Dkt. 13) is adopted as part of this Order, confirmed, and approved in all respects. Accordingly, the Court rules as follows:

1) Plaintiff's objections (Dkt. 14) are overruled and the request to amend the affidavit (Dkt. 15) is denied.

2) Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 12) is denied.

3) The Clerk is directed to terminate any pending motions and deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on June 20, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record and unrepresented parties